**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| EDWARD LEE MORGAN, SR., <br><br> *Plaintiff*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al*., <br><br> *Defendants*. | Civil Action No. 21-CV-03040 (RBW) |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants District of Columbia, Mayor Muriel Bowser, the District of Columbia Fire

and Emergency Medical Services Department, and John Donnelly respectfully submit this

motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).  A memorandum of points and

authorities in support of this motion and a proposed order are attached for the Court's

consideration.


Date: March 18, 2022                    Respectfully submitted,

                                        KARL A. RACINE
                                        Attorney General for the District of Columbia

                                        CHAD COPELAND
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        */s/ Christina Okereke*
                                        CHRISTINA OKEREKE [219272]
                                        Chief, Civil Litigation Division Section II

                                        */s/ Anna P. Kaprelova*
                                        ANNA P. KAPRELOVA [156027]
                                        Assistant Attorney General
                                        400 6th Street, NW
                                        Washington, D.C. 20001

(202) 735-7452
Anna.Kaprelova@dc.gov

*Counsel for Defendants*

ii

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iv

INTRODUCTION ............................................................................................................... 1

FACTS ................................................................................................................................. 2

STANDARD OF REVIEW ..................................................................................................7

ARGUMENT ...................................................................................................................... 7

I.      The Court Should Dismiss Plaintiff's Claims Against Mayor Bowser and Chief Donnelly for Failure to Allege Any Basis for Their Liability. ...................................................... 7

II.     FEMS Is *Non Sui Juris*.. ............................................................................................ 9

III.    The Court Should Dismiss Plaintiff's Constitutional Due Process Claim for Failure to State a Claim (Count I). ......................................................................................................... 9

IV.     The Court Should Dismiss Plaintiff's DCAPA Claims for Failure to Exhaust Administrative Remedies and Lack of Jurisdiction (Counts II and III)…….................................. 13

    A. Plaintiff Failed to Exhaust His DCAPA Claims.. ............................................................. 14

    C. The D.C. Court of Appeals Has Exclusive Jurisdiction over DCAPA Claims.................. 14

V.      The Court Should Dismiss Counts II and IV of the Complaint for Failure to Exhaust Administrative Remedies Under the Comprehensive Merit Personnel Act ..…………….….…16

VI.     The Court Should Dismiss Plaintiff's *Monell* Claim (Count V)………………………...17

CONCLUSION.................................................................................................................... 18

**TABLE OF AUTHORITIES**

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009*)* ........................................................................ 7

*Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996*)* .......................... 8

*Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).......................... 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) .................................................. 7

*Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).............................................................. 8

*City of Canton v. Harris*, 489 U.S. 378, 385 (1989)……………………………………..17

*District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991).............................. 16

*FCC v. Beach Commc'ns*, 508 U.S. 307, 315 (1993)………...………………………….13

*Harris v. F.A.A.*, 353 F.3d 1006, 1010 (D.C. Cir. 2004) ............................................... 17

*Hoey v. District of Columbia*, 540 F. Supp. 2d 218, 228 (D.D.C. 2008)………………...11

*Hettinga v. United States*, 677 F.3d 471, 478 (D.C. Cir. 2012)………………………….12

*Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33 (D.D.C. 2008) ........................................... 8

*Kane v. District of Columbia*, 180 A.3d 1073, 1078 (D.C. 2018) .................................. 9

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).............................................................. 8

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). ......................... 7

*Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000)............................ 9

*Lattisaw v. District of Columbia*, 905 A.2d 790, 793 (D.C. 2006)................................. 16

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-92 (1978)......................... 17

*Monroe v. Foreman*, 540 A.2d 736, 739 (D.C. 1988) .................................................... 16

*Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) ............................ 14

iv

*Nat'l Treasury Employees Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) .......................... 10

*Nolan v. Shulman, Rogers, Gandal, Pordy & Ecker, P.A.*, 270 F. Supp. 3d 167, 172–73 (D.D.C.

    2017) ....................................................................................................................................... 8

*Owens v. D.C. Water & Sewer Auth.*, 156 A.3d 715, 721 (D.C. 2017) ........................................ 15

*Owens v. District of Columbia*, 923 F. Supp. 2d 241, 248 (D.D.C. 2013). .................................. 10

*Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007)......................... 9

*Robinson v. District of Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) .................................... 8

*Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000) ............................................ 10

*Sanchez v. Off. of State Superintendent of Educ.*, 513 F. Supp. 3d 101, 111–12 (D.D.C. 2021)..12

*Washington v. District of Columbia*, 538 F. Supp. 2d 269, 273 (D.D.C. 2008)…………………11

*Washington Teachers' Union, Loc. #£6 v. D.C. Pub. Sch.*, 960 A.2d 1123, 1131 (D.C. 2009)... 16

*Wilson v. Geithner*, 968 F. Supp. 2d 275, 280 (D.D.C. 2013) ....................................................... 8

*Zervas v. District of Columbia*, 817 F. Supp. 148, 150 (D.D.C. 1993) ......................................... 9

STATUTES AND REGULATIONS

42 U.S.C. § 1983 ............................................................................................................................. 6

D.C. Code § 1-606.03 ............................................................................................................. 11 n.5

6-B DCMR § 637 .................................................................................................................... 11 n.5

D.C. Code § 2-510 ......................................................................................................................... 15

D.C. Code §§ 2-505 *et seq.* ............................................................................................................ 6

D.C. Code § 2-508 ......................................................................................................................... 14

D.C. Code § 2-510(a)(3)(A) ........................................................................................................... 15

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD LEE MORGAN, SR.,

　　　　　*Plaintiff*,

　　　v.

DISTRICT OF COLUMBIA, *et al*.,

　　　　　*Defendants*.

Civil Action No. 21-CV-03040 (RBW)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

This lawsuit arises from Plaintiff Edward Lee Morgan's removal from his employment as an Emergency Medical Technician (EMT) with the District of Columbia Fire and Emergency Medical Services Department (FEMS).  Plaintiff brings five claims against the District of Columbia (the District), Mayor Muriel Bowser, FEMS, and FEMS Chief John Donnelly. Plaintiff styles his claims against Defendants as follows:  "Plaintiff Did Not Knowingly or Voluntarily Waive His Constitutional Rights" (Count I); "Arbitrary and Capricious Agency Action" (Count II); "Agency Action Without Observance of Procedure Required by Law" (Count III); "Agency Action in Excess of Statutory Jurisdiction, Authority, or Limitations, or Short of Statutory Right" (Count IV); and "*Monell* Liability under Section 1983" (Count V).  *See* Compl., Prayer for Relief.

The Court should dismiss Plaintiff's claims in their entirety.  *First*, Plaintiff fails to allege any basis for either Mayor Muriel Bowser or FEMS Chief Donnelly's personal liability, and to the extent Mayor Bowser and Chief Donnelly are sued in their official capacities, such claims

should be dismissed because they are duplicative of Plaintiff's claims against the District. *Second*, FEMS is not a suable entity. *Third*, Plaintiff fails to state a constitutional claim. *Fourth*, Plaintiff's claims under the D.C. Administrative Procedure Act should be dismissed for Plaintiff's failure to exhaust his administrative remedies before filing this lawsuit and for lack of jurisdiction. *Fifth*, Plaintiff's claims alleging that his termination was the result of arbitrary and capricious agency action should be dismissed for Plaintiff's failure to exhaust administrative remedies under the Comprehensive Merit Personnel Act. *Finally*, Plaintiff has failed to allege any factual basis for the District's municipal liability under 42 U.S.C. § 1983.

## FACTS

Plaintiff is a former EMT with FEMS. *See* Compl. ¶ 12. Prior to 2009, all emergency medical service (EMS) providers in the District could renew their certification either through the District of Columbia Department of Health (DOH) or the National Registry of Emergency Medical Technicians (NREMT). *See id.* ¶ 20. On July 1, 2009, DOH stopped administering recertification examinations. *See id.* On or about February 3, 2010, FEMS issued Bulletin No. 83, establishing a new policy that required all agency employees to maintain NREMT certification. *See id.* ¶ 21. A valid NREMT certification was necessary to obtain a "D.C. EMS certification card" required for all EMS providers in the District. *Id.* Following the issuance of Bulletin No. 83, FEMS issued General Order XXIV, GO-2006-14 (General Order), exempting from the NREMT certification requirement those employees hired before January 1, 1987. *See id.* ¶ 24.

In July 2012, Plaintiff's certification lapsed because he failed to pass the NREMT

2

examination between December 2010 and January 2012. *See id.* ¶ 25.[1] Following Plaintiff's

failure to obtain NREMT certification, FEMS found Plaintiff "incompetent" and "issued an

Advanced Written Notice of Proposed Termination." *Id.* ¶ 27. Plaintiff appealed the notice by

requesting an administrative hearing, which was held in November 2012. *See id.* ¶ 28.

At the hearing, Plaintiff asserted that FEMS engaged in disparate treatment because

Plaintiff claimed "personally kn[owing] of multiple other EMTs who either failed NREMT

certification . . . [and] yet were allowed to return to the field, or who were . . . exempted from the

NREMT certification requirements altogether." *Id.* ¶ 29. As alleged in the Complaint, the

hearing officer "refused to address the merits" of Plaintiff's disparate treatment claim. *Id.* ¶ 30.

In her decision, the hearing officer found that, although just cause existed for discipline, the

proposed penalty of removal for a first-time offense of incompetence was disproportionate to the

*Douglas* factors and table of penalties. *See id.* ¶ 31. On November 29, 2012, FEMS terminated

Plaintiff's employment, despite the hearing officer's conclusion that removal would be

disproportionate. *Id.* ¶ 32.[2]

On December 28, 2012, Plaintiff appealed his termination to the Office of Employee

Appeals (OEA). *Id.* ¶ 35. In February 2014, the OEA assigned Plaintiff's appeal to

Administrative Judge (AJ) Murphy, who, without holding an evidentiary hearing, issued the

Initial Decision on May 29, 2015. *See id.* ¶ 35. AJ Murphy found that FEMS's decision to

---

[1] Plaintiff alleges "he was never allowed to complete the remaining detailed process set forth . . . in Bulletin No. 83," namely, "two additional NREMT examination attempts . . . ." Compl. ¶ 26. Additionally, Plaintiff alleges that in January 2012, the NREMT Director granted him "an extension to schedule the remaining examinations . . . ." *Id.*

[2] As alleged in the Complaint, the Final Agency Decision addressed to Plaintiff read in part: "Your inability to meet the requirements of this position renders you incompetent to render services as an EMT. Your lack of certification further[] places both you and the citizens of the District of Columbia in danger and therefore, interferes with the integrity of the government." Compl. ¶ 33.

terminate Plaintiff was inconsistent with, among other things, the Hearing Officer's findings. *See id.* ¶ 37. AJ Murphy held that, under the table of penalties, the penalty for "a first offense of incompetence" was a 15-day suspension and substituted termination with a 15-day suspension as discipline. *Id.* ¶ 38.

FEMS petitioned the OEA Board for review of the Initial Decision, "appealing only the portion regarding the appropriateness of the penalty of termination for a first-time offense of incompetence." *Id.* ¶ 40. FEMS argued that, although the penalty of termination was not in the table of penalties for the offense at issue, removal was appropriate, and relied on two prior OEA decisions—*Dana Brown v. Department of Youth Rehabilitation Services*, OEA Matter No. 1601-0036-07R12 (Apr. 30, 2015), and *Robin Halprin v. D.C. Department of Mental Health*, OEA Matter No. 1601-0107-08 (Feb. 23, 2015). *See id.* ¶ 41.

In September 2016, the OEA Board affirmed AJ Murphy's Initial Decision, holding that removal exceeded the range of penalties for a first offense of incompetence. *See id.* ¶ 42. Additionally, the Board held that FEMS "waived its arguments regarding the rulings in *Brown* and *Halprin*" because, according to the Board, FEMS raised these arguments for the first time in its Petition for Review of the Initial Decision and did not preserve them for appeal. *Id.* ¶ 43.

FEMS petitioned Superior Court for review of the OEA's order affirming AJ Murphy's order. *Id.* ¶ 44. On September 22, 2017, Judge Neil Kravitz granted FEMS's petition for review and found that the OEA Board "committed clear error as a matter of law in deciding that [FEMS] waived" its argument concerning appropriateness of the penalty. *Id.* ¶ 44. In his September 22, 2017 order, Judge Kravitz held that FEMS was within its right to "cit[e] new authority consistent with the position it took before" AJ Murphy. *Id.* Judge Kravitz reversed the Board's opinion and remanded the matter to the Board. *See id.* ¶ 45.

4

On remand, the OEA Board re-assigned Plaintiff's matter to AJ Hochhauser, "who stated that the remand was limited to two issues—OAH's jurisdiction[3] and the appropriateness of the penalty of termination . . . ." *Id.* ¶ 47.  Plaintiff, proceeding *pro se*, reasserted his claim of disparate treatment by FEMS. *Id.*  Although Plaintiff's claim of disparate treatment was not at issue on remand, at the October 2018 proceeding, Plaintiff "stated that he would withdraw 'the entire matter' if he could not prove" that claim. *Id.* ¶ 48.  According to Plaintiff, during the proceedings before AJ Hochhauser, FEMS conceded that seven agency employees continued working without the NREMT certification due to receiving an exemption under the General Order "as having been hired prior to January 1, 1987." *Id.* ¶ 50.

On December 7, 2018, Plaintiff withdrew his OEA appeal by submitting a handwritten memorandum. *Id.* ¶ 53.[4]  On February 15, 2019, AJ Hochhauser issued his Corrected Initial Decision on Remand, finding that Plaintiff's withdrawal rendered Plaintiff's entire appeal and the subsequent remand moot. *See id.* ¶ 54.  Plaintiff alleges that, although the Corrected Initial Decision "details at great length [AJ] Hochhauser's repeated discussions with . . . Plaintiff, advising him of his high burden of proof in his disparate treatment claim," "there is no indication on the record that Plaintiff was adequately informed as to the burden of proof which the Agency must satisfy for all of Plaintiff's other claims." *Id.* ¶ 55.  According to the Complaint, "in light of Plaintiff's *pro se*" status in the proceedings before AJ Hochhauser, "it is not clear from the record that Plaintiff understood, or even knew the implications of withdrawing/waiving his

---

[3]    The Complaint appears to have a typo where, instead of OAH's jurisdiction, it seemingly refers to the OEA's jurisdiction.

[4]    According to the Complaint, Plaintiff's memorandum read in part:  "As of December 14, 2018, I am withdrawing my complaint from the office of the OEA.  Withdrawing from OEA is no admission of guilt, but rather moving in another direction."  Compl. ¶ 53.  Plaintiff does not explain the discrepancy between the two different dates in the Complaint and cites December 2018 as when he withdrew his appeal.

claim . . . ."  *Id.* ¶ 56.

On or about April 12, 2019, Plaintiff filed a lawsuit in the U.S. District Court for the District of Columbia, Civil Action No. 19-CV-1029 (UNA), "seeking redress in the above-described matter."  *Id.* ¶ 59.  On July 3, 2019, Plaintiff's lawsuit was dismissed *sua sponte* for failure to state a claim.  *See id.*; Dkt., Civil Action No. 19-CV-1029 (UNA), ECF No. 7.

On November 16, 2021, Plaintiff filed the Complaint, asserting claims under 42 U.S.C. § 1983 and the Fourteenth Amendment (Count I), the D.C. Administrative Procedure Act, D.C. Code §§ 2-505 *et seq.* (DCAPA) (Count II), the District's Comprehensive Merit Personnel Act, D.C. Code §§ 1-601.1 *et seq.* (CMPA) (Count III), the District Personnel Manual (DPM) (Count IV), and *Monell* liability under § 1983 (Count V) against Defendants.  *See id.*, Prayer for Relief. In Count I, alleging that he did not knowingly or voluntarily waive his appeal before the OEA, Plaintiff claims that he was deprived of his "rights to due process and equal protection of the law," in violation of the Fourteenth Amendment of the Constitution.  *Id.* ¶ 66.  In Count II, Plaintiff asserts that FEMS's decision to terminate his employment "is arbitrary and capricious" because, in violation of the DCAPA, (1) "[t]he NREMT policy fail[ed] to speak to requisite recertification intervals for EMTs and paramedics working in the Agency," (2) "the cutoff date in the General Order was arbitrarily arrived at without the required public notice and rulemaking," and in violation of the DPM Table of Penalties, and (3) the penalty of removal exceeded "the Table of Appropriate Penalties."  *Id.* ¶¶ 71-74.  In Count III, Plaintiff claims that FEMS violated the DCAPA by failing to follow "the notice-and-comment rulemaking requirements" in promulgating the NREMT certification policy and the General Order in 2010. *Id.* ¶¶ 81-83.  In Count IV, Plaintiff alleges that FEMS's decision to remove him from his position is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory

6

right" because it exceeds the range of penalties for a first offense of incompetence in the DPM Table of Penalties. *Id.* ¶ 90. Finally, in Count V, without identifying which of his "constitutional or federal statutory rights" were violated, Plaintiff asserts that FEMS is liable under the *Monell* doctrine. *Id.* ¶¶ 93-96.

**STANDARD OF REVIEW**

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court set forth a "two-pronged approach" for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 556 U.S. at 679. While a court generally must consider a plaintiff's factual allegations as true, the court must first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If the court determines that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But the court need not draw inferences in favor of the non-movant "if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**ARGUMENT**

**I.      The Court Should Dismiss Plaintiff's Claims Against Mayor Bowser and Chief Donnelly for Failure to Allege Any Basis for Their Liability.**

Although Plaintiff names Mayor Bowser and FEMS Chief Donnelly in the caption of the

7

Complaint, *see* Compl., Caption, he neither makes any factual allegations about them nor links them to any factual allegations in the body of his pleading, *see* Compl.  Plaintiff therefore fails to state any claim for relief against the individual defendants, thus the Mayor and Chief Donnelly should be dismissed from this lawsuit.  *See Nolan v. Shulman, Rogers, Gandal, Pordy & Ecker, P.A.*, 270 F. Supp. 3d 167, 172–73 (D.D.C. 2017) (dismissing claims against defendant where plaintiff "failed to provide any factual allegations involving [defendant]"); *Wilson v. Geithner*, 968 F. Supp. 2d 275, 280 (D.D.C. 2013) (dismissing complaint for failure to state a claim because plaintiff did not mention any defendant in the body of his complaint, named them only in the caption, and did not link them to any factual allegations in the complaint).

And to the extent Plaintiff sues Mayor Bowser and FEMS Chief Donnelly in their official capacities, the Court should dismiss Plaintiff's claims against them as well.[5]  Government officials sued in their official capacities are not personally liable for damages.  *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).  This is because "an official capacity suit is the functional equivalent of a suit against the employer."  *Jenkins v. Jackson*, 538 F. Supp. 2d 31, 33 (D.D.C. 2008) (citation and internal quotation marks omitted).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).  Because municipalities can be sued directly for damages and other relief, "[t]here is no longer a need to bring official-capacity actions against local government officials . . . ."  *Id.* at 167.  For this reason, courts have routinely dismissed corresponding claims against individuals in their official capacities as "redundant and an inefficient use of judicial resources."  *Robinson v. District of*

---

[5]     The Complaint is silent on whether the individual defendants are sued in their official or personal capacities.  *See* Compl.

*Columbia*, 403 F. Supp. 2d 39, 49 (D.D.C. 2005) (citation and internal quotation marks omitted); *see Jenkins*, 538 F. Supp. 2d at 33-34; *Cotton v. District of Columbia*, 421 F. Supp. 2d 83, 86 (D.D.C. 2006).

Here, the District is a party to this suit for all claims. *See* Compl. Thus, to the extent Plaintiff sues Mayor Bowser and Chief Donnelly in their official capacities, such claims are redundant of the identical claims against the District. *See Robinson*, 403 F. Supp. 2d at 49. Accordingly, the Court should dismiss the Complaint against the individual defendants to the extent Plaintiff sues them in their official capacities.

## II.     FEMS Is *Non Sui Juris.*

FEMS is *non sui juris* and thus cannot be sued in its own name. Agencies of the District of Columbia are not subject to suit unless explicit statutory authority provides otherwise. *See Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000); *Kane v. District of Columbia*, 180 A.3d 1073, 1078 (D.C. 2018) ("A person aggrieved by the action or inaction of a *non sui juris* body within the District government must name the District as the defendant in order to sue for relief.") (internal citation omitted). FEMS is subject to this rule. *See* D.C. Code § 5-401 *et seq.*; *see also Zervas v. District of Columbia*, 817 F. Supp. 148, 150 (D.D.C. 1993) (holding that FEMS is *non sui juris*). Accordingly, FEMS is not a proper defendant to this suit and should be dismissed.

## III.    The Court Should Dismiss Plaintiff's Constitutional Due Process Claim for Failure to State a Claim (Count I).

Plaintiff claims that because he "neither knowingly nor voluntarily withdrew/waived his initial appeal claim," his Fourteenth Amendment rights to due process and equal protection of the law were violated. Compl. ¶¶ 66-67. Plaintiff's claim does not pass muster.

To begin, the Fourteenth Amendment does not apply to the District and its employees. "[B]y its terms, the Fourteenth Amendment applies only to the States; it does not apply to the Federal Government or the District of Columbia." *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007); *see Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954). And even construing Plaintiff's claim under the Fifth Amendment, it is meritless because Plaintiff failed to exhaust his administrative remedies to challenge the termination decision that he now attacks in this Court. Additionally, Plaintiff fails to state a claim for the deprivation of due process or equal protection on the merits.

Plaintiff's claim is unexhausted under the CMPA. "When an alleged constitutional violation 'is intertwined with a statutory one, and [the legislature] has provided the machinery for the resolution of the latter,' the plaintiff must exhaust [his] administrative remedies before a district court may hear his case." *Nat'l Treasury Employees Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) (internal citation omitted). In other words, when the statutory and constitutional claims are "premised on the same facts" and "the administrative process [is] fully capable of granting full relief," exhaustion is required. *Id.* (internal citation omitted). "[C]onstitutional claims, despite their federal nature, fall within the CMPA jurisdiction when they are essentially state law claims that the plaintiffs construed in a constitutional light so as to seek federal court jurisdiction." *Owens v. District of Columbia*, 923 F. Supp. 2d 241, 248 (D.D.C. 2013), *aff'd*, 606 F. App'x 585 (D.C. Cir. 2015). Plaintiff "cannot use a constitutional hook to reel [his] CMPA-precluded claims into this Court." *McManus v. District of Columbia*, 530 F.Supp.2d 46, 79 (D.D.C. 2007).

Here, although Plaintiff admits withdrawing/waiving his appeal to the OEA "seemingly without impetus," he also claims "not knowingly or voluntarily waiving his initial appeal claim"

10

because as "a pro se litigant, without the aid of counsel," he supposedly "did not understand what he was waiving or comprehend the effect and consequences of his action." Compl. ¶¶ 53, 64. But the CMPA requires Plaintiff to exhaust his administrative remedies with the OEA before filing this lawsuit. *See Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000) ("With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind.").[6] Plaintiff cannot avoid the CMPA's exhaustion requirement by pleading a Fifth Amendment claim instead of petitioning the OEA Board for review of AJ Hochhauser's Corrected Initial Decision. "[C]ouching [a] claim in constitutional terms will not immunize it from dismissal pursuant to the exhaustion requirement. Thus, because the [CMPA] and constitutional claims are premised on the same facts and the administrative process [is] fully capable of granting full relief,' exhaustion is required." *Hoey v. District of Columbia*, 540 F. Supp. 2d 218, 228 (D.D.C. 2008) (quoting *Washington v. District of Columbia*, 538 F. Supp. 2d 269, 273 (D.D.C. 2008)) (quotation marks omitted). Accordingly, the Court should dismiss Count I.

What is more, Plaintiff fails to state a constitutional claim challenging the decision leaving FEMS' termination decision in place. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

The government may infringe upon a fundamental liberty or property interest only

---

[6]      Under Title 6-B of the DCMR, Section 637, any party to the proceeding before the OEA wishing to appeal an Initial Decision may serve and file a Petition for Review of the Initial Decision, or, as here, the Corrected Initial Decision, with the OEA Board within 35 calendar days of issuance by an administrative judge. The Board may grant or deny the Petition for Review. *See* 6-B DCMR § 637. The Board's decision shall be a written Opinion and Order. *See id.* An employee or agency seeking further review may appeal the Board's decision to the Superior Court of the District of Columbia in accordance with D.C. Code § 1-606.03. *See* 6-B DCMR § 637.11.

> if the infringement is narrowly tailored to serve a compelling state interest.  Where no fundamental liberty or property interest is at stake, the Fifth Amendment requires only a rational basis.  Under rational basis review, to survive a motion to dismiss, a plaintiff must plead facts that establish that there is not any reasonable conceivable state of facts that could provide a rational basis for the classification.

*Sanchez v. Off. of State Superintendent of Educ.*, 513 F. Supp. 3d 101, 111–12 (D.D.C. 2021) (internal citations and quotation marks omitted).

Here, Plaintiff alleges that he "enjoyed a cognizable interest in continuing employment absent a cause for discharge, the deprivation of which denies Plaintiff's Fourteenth Amendment rights to due process and equal protection of the law."  Compl. ¶ 66.  He contests FEMS' 2010 issuance of Bulletin No. 83 and General Order XXIV, which required EMTs hired after January 1987, including Plaintiff, to receive NREMT certification.  But Plaintiff does not come close to offering any allegations showing that the agency's decision was not rational.  Because Plaintiff has failed to "plead facts that establish that there is not 'any reasonable conceivable state of facts that could provide a rational basis for the [agency's rule]," *Sanchez*, 513 F. Supp. 3d at 112-13, he fails to state a plausible claim under the Due Process Clause.

Plaintiff's equal protection claim fares no better.  The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  Plaintiff's equal protection claim, though not expressly stated, apparently relies on Plaintiff's allegation that FEMS's rules draw an arbitrary distinction between EMTs hired before January 1987, and those, like Plaintiff, who were hired after that date.  "Such distinctions are subject to rational basis review."  *Sanchez*, 513 F. Supp. 3d at 113.  "A statutory classification that 'neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'"  *Id.* (quoting *Hettinga v. United States*, 677 F.3d 471, 478 (D.C. Cir. 2012)).  And, "[l]ike rational basis review of due

process claims, at the motion to dismiss stage, an equal protection challenge to a statute that does not involve a classification along suspect lines or fundamental rights—like the challenge here—requires overcoming a strong presumption of validity by plead[ing] facts that establish that there is not any reasonable conceivable state of facts that could provide a rational basis for the classification." *Id.* (internal citations and quotation marks omitted).

As with his due process claim, Plaintiff's complaint fails to overcome the strong presumption of validity that rational basis review demands. And "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *FCC v. Beach Commc'ns*, 508 U.S. 307, 315 (1993). Indeed, "[d]efining the class of persons subject to a regulatory requirement—much like classifying governmental beneficiaries—'inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line, and the fact [that] the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration.'" *Sanchez*, 513 F. Supp. 3d at 116 (quoting *Beach Commc'ns*, 508 U.S. at 315–16). Plaintiff fails to allege any facts sufficient to establish that "there is not any reasonable conceivable state of facts that could provide a rational basis for the classification," *id.*, and therefore fails to state a plausible equal protection claim.

## IV. The Court Should Dismiss Plaintiff's DCAPA Claims for Failure to Exhaust Administrative Remedies and Lack of Jurisdiction (Counts II and III).

In Counts II and III, Plaintiff asserts that Defendants violated the DCAPA because the NREMT certification policy established by Bulletin No. 83 fails "to speak to requisite recertification intervals for EMTS . . . working in the Agency" and the General Order arbitrarily exempted from the NREMT certification requirement "all employees hired . . . prior to January 1, 1987." Compl. ¶ 71. As set forth below, the Court should dismiss these two claims. First,

13

Plaintiff did not exhaust his administrative remedies concerning FEMS's issuance of Bulletin

No. 83 and the General Order.  Second, Plaintiff's DCAPA claims must fail because the D.C.

Court of Appeals has exclusive jurisdiction over these claims.

### A.      **Plaintiff Failed to Exhaust His DCAPA Claims.**

Plaintiff failed to follow the prescribed administrative process concerning FEMS's

alleged violations of the DCAPA.  These claims therefore should be dismissed.

Although Plaintiff asserts that FEMS's decision to terminate his employment violated

DCAPA as the "cutoff date in the General Order" was "arrived at without the required public

notice and rulemaking," Compl. ¶ 74, Plaintiff challenged neither Bulletin No. 83 nor the

General Order through the process prescribed in the DCAPA.  *See* D.C. Code § 2-505(b) ("Any

interested person may petition the Mayor or an independent agency requesting the promulgation,

amendment, or repeal of any rule."); Compl.  "On petition of any interested person, the Mayor or

an agency, within their discretion, may issue a declaratory order with respect to the applicability

of any rule . . . ."  D.C. Code § 2-508.  Thus, Plaintiff failed to exhaust his administrative

remedies under the DCAPA.  *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51

(1938) ("[N]o one is entitled to judicial relief for a supposed or threatened injury until the

prescribed administrative remedy has been exhausted.").  Plaintiff's DCAPA claims based on the

issuance of Bulletin No. 83 and the General Order (Counts II and III) are barred for Plaintiff's

failure to exhaust and, therefore, should be dismissed.

### B.      **The D.C. Court of Appeals Has Exclusive Jurisdiction over DCAPA Claims.**

Plaintiff asserts that FEMS's decision to terminate his employment "is arbitrary and

capricious" because (1) "the cutoff date in the General Order was arbitrarily arrived at without

the required public notice and rulemaking," and (2) in promulgating Bulletin No. 83 and the

General Order in 2010, FEMS failed to follow "the notice-and-comment rulemaking requirements" of the DCAPA.  Compl. ¶¶ 74, 81-83.  These claims fail because they allege DCAPA violations, and the D.C. Court of Appeals has exclusive jurisdiction over these claims.

The DCAPA confers on the D.C. Court of Appeals exclusive jurisdiction to hear contested cases.  *See* D.C. Code § 2-510(a) ("Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of the Mayor or an agency in a contested case, is entitled to a judicial review thereof . . . upon filing in the District of Columbia Court of Appeals a written petition for review."); *Owens v. D.C. Water & Sewer Auth.*, 156 A.3d 715, 721 (D.C. 2017) (under the DCAPA, rulemaking "actions taken by the District government or its agencies are reviewable in the first instance by this court rather than the Superior Court.").[7]

The D.C. Court of Appeals' authority extends to claims such as those made by Plaintiff. Under D.C. Code § 2-510(a)(3)(A), the D.C. Court of Appeals has exclusive power "[t]o hold unlawful and set aside any [agency] action or findings and conclusions found to be:  [a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."  These are exactly the allegations Plaintiff makes in his DCAPA claims in Count II and III.  Therefore, Plaintiff's claims that FEMS has violated the DCAPA by failing to follow the rulemaking requirements, those claims must be brought before the D.C. Court of Appeals, not this Court. *See Owens*, 156 A.3d at 721.  As a result, the Court should dismiss Counts II and III with prejudice.

---

[7]     The DCAPA defines a "contested case" as "a proceeding before the Mayor or any agency in which the legal rights, duties, or privileges of specific parties are required by any law . . ., or by constitutional right, to be determined after a hearing before the Mayor or before an agency." D.C. Code § 2-502 (8).  Pursuant to § 2-505(b), Plaintiff could "petition the Mayor or an independent agency requesting the promulgation, amendment, or repeal of [the] rule."  But "refusal of the Mayor or of an agency to issue a declaratory order shall not be subject to review." *Id.* § 2-508.

**V.**      <u>The Court Should Dismiss Counts II and IV of the Complaint for Failure to Exhaust Administrative Remedies Under the Comprehensive Merit Personnel Act.</u>

Count II's claim alleging arbitrary and capricious agency action is premised, in part, on FEMS's alleged "fail[ure] to adhere to the Table of Appropriate Penalties . . . when [FEMS] asserted that removal was not within the range of penalty but was still appropriate and applicable to a one-time finding of incompetence." Compl. ¶ 74. Relying on the same factual allegations, in Count IV of the Complaint, Plaintiff charges that FEMS' termination decision exceeded its "statutory jurisdiction, authority, or limitations, or [was] short of statutory right within the meaning of the District Personnel Manual § 1619." *Id.* ¶ 90. But these claims fail because Plaintiff did not exhaust his administrative remedies under the CMPA.

The CMPA requires Plaintiff to exhaust his administrative remedies with the OEA before filing this lawsuit. *See Robinson*, 748 A.2d at 411. "[T]he Council 'plainly intended' [the] CMPA to create a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions—with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum." *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991) (quoting *Monroe v. Foreman*, 540 A.2d 736, 739 (D.C. 1988)). "Thus an employee of the District of Columbia must bring to an administrative tribunal, not the [U.S. District] Court, *any* complaint 'arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions.'" *Lattisaw v. District of Columbia*, 905 A.2d 790, 793 (D.C. 2006) (emphasis added). "[I]f a 'substantial question' exists as to whether the CMPA applies, the Act's procedures must be followed, and the claim must initially be submitted to the appropriate District agency." *Washington Teachers' Union, Loc. #6 v. D.C. Pub. Sch.*, 960 A.2d 1123, 1131 (D.C. 2009) (citations, footnote, and internal quotation marks omitted).

Here, Plaintiff alleges that FEMS's "decision to terminate Plaintiff is arbitrary and capricious" and is "in excess of statutory jurisdiction" because, in addition to the alleged DCAPA violations, FEMS "failed to adhere to the Table of Appropriate Penalties . . . ." Compl. ¶¶ 74, 90. But in pressing these claims, Plaintiff is attempting to circumvent the CMPA-mandated process by bringing his employment grievances to the Court first. Accordingly, Count II and IV of the Complaint should be dismissed with prejudice.

## VI.    The Court Should Dismiss Plaintiff's *Monell* Claim (Count V).

Without identifying which of his "constitutional or federal statutory rights" were violated, Plaintiff reiterates that FEMS "promulgated Bulletin No. 83" "to bring District emergency medical services up to national standards of training and certification" and alleges the District's *Monell* liability under Section 1983. *Id.* ¶¶ 93-96. But Plaintiff fails to offer any allegations sufficient to show the District's municipal liability.

Municipalities are subject to liability under § 1983 when their policies "subjec[t], or caus[e] to be subjected, any citizen of the United States to the deprivation of any rights . . . secured by the Constitution." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-92 (1978) (quoting 42 U.S.C. § 1983). In considering whether a plaintiff has stated a claim for municipal liability under § 1983, the district court must conduct a two-step inquiry: first, court must determine whether the complaint states a claim for a predicate constitutional violation; second, if so, the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (internal citations omitted). Thus, "*respondeat superior* or vicarious liability will not attach under Section 1983" to a municipality. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New*

17

*York*, 436 U.S. 658, 694-695 (1978)). A viable claim for municipal liability exists only if a plaintiff shows that a municipal policy was the "moving force" behind the constitutional violation. *Baker*, 326 F.3d at 1306-07. Thus, a plaintiff must allege facts establishing that the constitutional violation resulted from: (1) "the explicit setting of a policy by the government that violates the Constitution" (2) "[t]he action of a policy maker with the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become custom," or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Id*. (emphasis added).

Here, Plaintiff's claim fails the first prong of the *Baker* test because, as shown in Section III above, Plaintiff fails to assert any cognizable constitutional violation. And Plaintiff offers no facts showing the District's municipal liability under any theory. Accordingly, Plaintiff's *Monell* claim should be dismissed.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to dismiss and dismiss the Complaint with prejudice.

Date: March 18, 2022

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]

18

Chief, Civil Litigation Division Section II

*/s/ Anna P. Kaprelova*
ANNA P. KAPRELOVA [156027]
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7452
Anna.Kaprelova@dc.gov

*Counsel for Defendants*

19

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD LEE MORGAN, SR.,

      *Plaintiff*,

   v.

DISTRICT OF COLUMBIA, *et al*.,

      *Defendants*.

Civil Action No. 21-CV-03040 (RBW)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss the Complaint, the memorandum of points and authorities in support thereof, any opposition and reply, and the entire record, it is this _____ day of _____, 2022, hereby

    **ORDERED** that Defendants' Motion is **GRANTED**; and it is further

    **ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE**.

    **SO ORDERED**.

 

                    _____
                    REGGIE B. WALTON
                    United States District Judge

CC:    Charles E. Walton, Esq.
       *Counsel for Plaintiff*

       Anna P. Kaprelova, Esq.
       Assistant Attorney General
       *Counsel for Defendants*