**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD LEE MORGAN, SR.,

        *Plaintiff*,

    v.

DISTRICT OF COLUMBIA, *et al*.,

        *Defendants*.

Civil Action No. 21-CV-03040 (RBW)

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**INTRODUCTION**

In opposition to Defendants' motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), Plaintiff Edward Lee Morgan fails to show that his claims have legal basis. *First*, Plaintiff does not address four of the six arguments Defendants raised in their motion, and the Court should therefore treat those arguments as conceded. *Second*, Plaintiff improperly raises for the first time in his opposition a new claim of retaliation against Defendants, and the Court should not countenance Plaintiff's attempt to amend his complaint via his opposition brief. *Third*, as to his claim that his constitutional rights to due process and equal protection of the law were violated because he did not knowingly withdraw his administrative appeal, Plaintiff fails to respond to Defendants' arguments that Plaintiff's claim fails procedurally and on the merits, and instead inaptly argues that he did not waive his rights to sue under 42 U.S.C. § 1983. *Fourth*, Plaintiff fails to show any cognizable basis for the District's *Monell* liability under Section 1983. *Finally*, Plaintiff fails to establish that the District of Columbia Comprehensive Merit Personnel Act's (CMPA) exclusivity and exhaustion requirements do not preclude him from bringing his employment grievances to the Court until he exhausts administrative remedies available under

the Act. The Court should therefore grant Defendants' motion to dismiss the Complaint and dismiss the Complaint with prejudice.

## ARGUMENT

### I.    Plaintiff Fails to Address Several Dispositive Arguments in Defendants' Motion to Dismiss and the Court Therefore Should Treat Those Arguments as Conceded.

To start, Plaintiff's opposition does not even address four of the six arguments Defendants asserted in their dispositive motion. *See* Pl.'s Opp'n; Defs.' Mot. Dismiss. Plaintiff failed to respond to the following arguments by Defendants: (1) the Court should dismiss Plaintiff's claims against Mayor Bowser and Chief Donnelly for failure to allege any basis for their liability, *see* Defs.' Mot. Dismiss at 7-9; (2) the Court should dismiss FEMS as a defendant from this lawsuit because it is *non sui juris*, *see id.* at 9; (3) the Court should dismiss Plaintiff's constitutional due process and equal protection claims for failure to plausibly state a claim for relief (Count I), *see id.* at 9-13; and (4) the Court should dismiss Plaintiff's claims under the D.C. Administrative Procedure Act (DCAPA) (Counts II and III) for failure to exhaust administrative remedies and because the D.C. Court of Appeals has exclusive jurisdiction over DCAPA claims, *see id.* at 13-15. Because Plaintiff offers no response to these four grounds for dismissal, the Court should treat these arguments as conceded. *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded[.]"); *Massie v. Pelosi*, No. 21- CV-2023 (RBW), 2022 WL 703942, at *18 n.20 (D.D.C. Mar. 9, 2022) (deeming conceded and dismissing claim for which plaintiff failed to offer any supporting argument in opposition to motion to dismiss) (quoting *Rosenblatt*). Accordingly, the Court should dismiss Mayor Bowser, Chief Donnelly, and FEMS from this lawsuit and should dismiss Counts I, II, and III of the Complaint.

II.     **The Court Should Not Consider Plaintiff's New Claims Raised for the First Time in His Opposition Brief.**

Next, Plaintiff improperly attempts to rewrite his Complaint in raising a claim of retaliation for the first time in his opposition.  Plaintiff asserts for the first time in opposition to dismissal that his discharge was retaliatory, alleging that, by "challenging the leadership and policies of [FEMS] and AFGE Local 3721" in 2012 and 2013, he engaged in protected activity against FEMS and the labor union and was terminated as a result of this protected activity.  Pl.'s Opp'n at 11.  It is well settled that a plaintiff may not amend his complaint via his opposition to a motion to dismiss.  *See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 97 (D.D.C. 2007).  Here, the Complaint does not assert any retaliation claim.  *See* Compl.  Instead, in his Complaint, Plaintiff challenges his removal on the basis that FEMS's decision to terminate his employment exceeded the range of penalties for a first offense of incompetence under the District Personnel Manual (DPM).  *See* Compl. ¶¶ 86-91. Accordingly, the Court should not consider Plaintiff's belatedly raised retaliation claim.

III.    **Plaintiff Fails to Plead a Viable Constitutional Claim (Count I).**

As Defendants showed in their moving brief, Plaintiff's due process and equal protection claims—incorrectly pleaded under the Fourteenth Amendment and predicated on the allegation that Plaintiff "neither knowingly nor voluntarily withdrew/waived his initial appeal claim," Compl. ¶ 67—fail.  *See* Defs.' Mot. Dismiss at 9-13.  This is because the Fourteenth Amendment does not apply to the District and its employees, and even construing Plaintiff's claims under the Fifth Amendment, the claims fail because Plaintiff did not exhaust his administrative remedies before challenging his removal in this Court and because Plaintiff falls short of plausibly stating

a claim entitling him to relief.  *See id.*

Without responding to any of these arguments, Plaintiff contends that he "did not knowingly waive his rights to sue under 42 U.S.C. § 1983."  Pl.'s Opp'n at 12.  Plaintiff misunderstands Defendants' arguments.  Defendants do not argue that Plaintiff waived his right to sue Defendants under Section 1983, but rather that Plaintiff's claim in the Complaint that he did not knowingly or voluntarily withdraw his administrative appeal does not establish a violation of his constitutional rights to due process and equal protection.  Therefore, Plaintiff's reliance on out-of-jurisdiction case law discussing waiver of constitutional rights is inapposite.  *See* Pl.'s Opp'n at 13 (citing *Murray v. Town of N. Hempstead*, 853 F. Supp. 2d 247, 259 (E.D.N.Y. 2012)) (holding that plumbing inspector for town's department of buildings did not waive his constitutional claims against department, even though inspector and the department engaged in settlement negotiations after inspector's termination which resulted in payment to inspector, because there was no agreement signed by inspector that expressly relinquished his right to bring his § 1983 claims).  Accordingly, Plaintiff fails to state a claim for the deprivation of due process or equal protection, and the Court should dismiss Count I of the Complaint.

**IV.     Plaintiff Fails to Plead a Viable *Monell* Claim (Count V).**

Plaintiff's claim for municipal liability against the District cannot stand.  As shown in Defendants' moving brief, Plaintiff offers no allegations sufficient to show the District's municipal liability under the *Monell* doctrine.  *See* Defs.' Mot. to Dismiss at 17-18; Compl. ¶¶ 92-96.  In the Complaint, Plaintiff predicates his *Monell* claim on FEMS's Bulletin 83, which established the NREMT certification requirement.  *See* Compl. ¶¶ 92-96.  But Plaintiff fails to show that the policy violates the Constitution for the reasons discussed in Defendants' arguments for dismissal of Plaintiff's constitutional claims in Count I of the Complaint—Plaintiff offers no

4

cognizable basis to show that the policy was not rational. *See* Defs.' Mot. Dismiss at 11-13.

Plaintiff now asserts for the first time in opposition to dismissal that the alleged retaliation against him forms the basis for the District's *Monell* liability under Section 1983. *See* Pl.'s Opp'n at 12. For the reasons discussed in Section II above, the Court should not even consider these newly raised allegations. But Plaintiff's *Monell* claim fails even if the Court considers these belatedly raised factual allegations. Plaintiff's singular allegation of retaliatory discharge in his case does not suffice to show a municipal custom or practice. *See Sledge v. District of Columbia*, 63 F. Supp. 3d 1, 28 (D.D.C. 2014) ("[P]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, and simply citing to plaintiff's own experiences does not demonstrate that a plaintiff was the victim of a policy or custom that caused them to suffer injury." (alterations, citations, and quotation marks omitted)); *Odom v. District of Columbia*, 248 F. Supp. 3d 260, 267-68 (D.D.C. 2017) (single allegation of excessive force against plaintiff with no allegations of other similar uses of excessive force by police insufficient to support claim that "the District has a custom or unwritten policy that caused the constitutional violation"). Plaintiff offers nothing more. Accordingly, the Court should dismiss Count V of the Complaint.

**V.      The CMPA Precludes Plaintiff from Litigating His Claims Before Exhausting Administrative Remedies (Counts I, II, and IV).**

Contrary to Plaintiff's contention in his opposition brief, the CMPA bars Plaintiff's constitutional claims (Count I) and his District of Columbia law claims of arbitrary and capricious action (Count II) and agency action in excess of statutory jurisdiction, authority, or

limitations (Count IV).  *See* Defs.' Mot. Dismiss at 9-11, 16-17.[1]

Plaintiff asserts that the CMPA's requirement to exhaust administrative remedies does not preclude his federal claim because "[t]he procedure's exclusivity and exhaustion requirements do not . . . necessarily foreclose a subsequent suit in local or federal court challenging the adequacy of the process itself."  Pl.'s Opp'n at 13 (quoting *Johnson v. District of Columbia*, 552 F.3d 806, 811 (D.C. Cir. 2008)).  But Plaintiff here does not "challeng[e] the adequacy of the process itself"—indeed, the factual allegations in Plaintiff's complaint concede that he received a pre-termination hearing.  *Cf. Thompson v. District of Columbia*, 428 F.3d 283 (D.C. Cir. 2005) (reversing dismissal of terminated employee's pre-termination due process claim for deprivation of pre-termination hearing, notwithstanding that CMPA stripped federal court of jurisdiction over claim that discharge itself constituted intentional infliction of emotional distress).  Rather, Plaintiff alleges that he "neither knowingly nor voluntarily withdrew/waived his initial appeal claim."  Compl. ¶ 67.  Plaintiff's supposed failure to understand the consequences of the withdrawal of his administrative complaint after six years of litigating that complaint does not bear on the adequacy of the process afforded to him.

And as shown in Defendants' moving brief, "[c]onstitutional claims, despite their federal nature, fall within the CMPA jurisdiction when they are essentially state law claims that the plaintiffs construed in a constitutional light so as to seek federal court jurisdiction."  Defs.' Mot. Dismiss at 10 (quoting *Owens v. District of Columbia*, 923 F. Supp. 2d 241, 248 (D.D.C. 2013), *aff'd*, 606 F. App'x 585 (D.C. Cir. 2015)).  That is the case here.  Plaintiff's factual allegations

---

[1]      In their moving brief, Defendants also argued that Plaintiff's claim of arbitrary and capricious action (Count II), which is pleaded under the D.C. Administrative Procedure Act (DCAPA), should be dismissed for two more reasons:  Plaintiff failed to exhaust his administrative remedies under the DCAPA, and the D.C. Court of Appeals has exclusive jurisdiction to hear DCAPA claims.  *See* Defs.' Mot. Dismiss at 13-15.

"suggest that Plaintiff[] [is] largely dissatisfied with the outcome[] in [his] case[] and not the process [he] received." *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 79 (D.D.C. 2007); *see* Compl. ¶ 66 (alleging that "[a]s a civil service employee, Plaintiff enjoyed a cognizable interest in continuing employment absent a cause for discharge, the deprivation of which denies Plaintiff s Fourteenth Amendment rights to due process and equal protection of the law"). "Such claims fall within the exclusive ambit of the CMPA, and . . . Plaintiff[] cannot dress [his] CMPA claims up in federal garb to secure federal court jurisdiction." *McManus*, 530 F. Supp. 2d at 79. For the same reason, Plaintiff's request for punitive damages in this federal action does not bring his federal claim outside the reach of the CMPA. *See* Pl.'s Opp'n at 13. And in any event, Plaintiff's constitutional claim is meritless, which Plaintiff fails to address in his opposition. *See* Section I, *supra*; Defs.' Mot. Dismiss at 11-13.

Moreover, Plaintiff fails to address the bar the CMPA poses to his state law claims in Counts II and IV of the Complaint for arbitrary and capricious agency action under the DCAPA and agency action in excess of statutory jurisdiction, authority, or limitations, or short of statutory right under the D.C. Personnel Manual, respectively. This argument is, therefore, conceded. *See* Section I, *supra*. Accordingly, Plaintiff's claims in Counts I, II, and IV fail because Plaintiff did not exhaust his administrative remedies under the CMPA.

## CONCLUSION

For these reasons, and for the reasons set forth in Defendants' moving brief, the Court should grant Defendants' motion to dismiss and dismiss the Complaint with prejudice.

Date: April 25, 2022                     Respectfully submitted,

                                         KARL A. RACINE
                                         Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Anna P. Kaprelova*
ANNA P. KAPRELOVA [156027]
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7452
Anna.Kaprelova@dc.gov

*Counsel for Defendants*